**HARRIS COUNTY, TEXAS, Appellant,**

v.

**UNITED STATES of America and The Atomic Energy Commission,**
Appellees.

No. 18519.

United States Court of Appeals
Fifth Circuit.

June 30, 1961.

Joe Resweber, County Atty., Hugo A. Touchy, Paul Wagenseller, Charles F. Mitchell, Asst. County Attys., Houston, Tex., for appellant.

Richard A. Solomon, Atty., Dept. of Justice, Lionel Kestenbaum, Office of Gen. Counsel, Neil D. Naiden, Acting Gen. Counsel, A. E. C., Washington, D. C., John S. Kiibler, Jr., La Porte, Tex., John B. Neibel, Houston, Tex., Lee Loevinger, Asst. Atty. Gen., Courts Oulahan, Deputy Gen. Counsel, A.E.C., Washington, D. C., for appellees.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal for review of the order of the Commission challenges the statutory authority of the Atomic Energy Commission to issue the license here involved.

In addition to pointing out that Harris County did not, before the Commission, attack its authority to act, the United States points out that the statute[1] in question is comprehensive, clear, and plain, and clearly confers on the Commission the power to make the order issued herein. Cf. Power Reactor Development Co. v. International Union of Electrical, Radio and Machine Workers, AFL–CIO, et al. (and U.S. et al. v. International Union of Electrical Radio and Machine Workers, AFL–CIO, et al.), 81 S.Ct. 1529.

In these circumstances, it insists that the appellant has a greater burden than to merely quarrel with the terms of the order and the findings of fact and law made in support of it.

In addition to its full scale attack on the order, Harris County moves to dismiss the appeal as moot on the ground that the intervenor, to whom the license

1. Atomic Energy Act of 1954, 68 Stat. 919 as amended, 42 U.S.C.A. § 2011 et seq.

was granted, has moved its location from the place designated in the order, and, therefore, the order appealed from is no longer of force and effect, and the questions raised are moot. We do not agree with this view.

The basic attack on the order as beyond the power of the Commission still presents a matter for determination here, whatever might be said of the contention that the place designated was not a correct place. We, therefore, reject and deny appellant's motion to dismiss its appeal on the ground of mootness and turn to a consideration of the matter on the merits.

As we understand the appellant's attack, its primary claim is that the product in question here is not a "by product" as that term is used in the statute but is a waste product, and the statute does not direct or permit the determination and designation of intervenor to handle waste products. Its secondary attack is that under the proof the place designated for intervenor to carry on its activities as permitted and directed is such a place as under the statute could not be designated or allowed.

Taking these up in their order, we think it sufficient to say, first, that the appellant has taken too narrow a view of the term "by product" as used in the statute, and that it is quite clear that the waste in question here is a "by product", within the statutory meaning, and that the Commission has general authority to deal with such products and issue licenses in respect to them.

As to the secondary attack on the order, that the place selected is not an appropriate one, we think it clear also that the statute by its terms leaves the determination on this score to the Commission, and, unless the record is completely bare of evidence supporting it, which is not the case here, the finding of the Commission granting the license must be sustained against the attack upon it.

The attack on the findings and order of the Commission is, therefore, rejected, and, if and when the intervenor decides to accept the license at the place named and furnishes proof to that effect, the order will be affirmed, or, in the alternative, if the intervenor determines to seek a location elsewhere, petitioner may, when the Commission has acted on the new application, bring the order then entered here for review and action.