CITY OF NEW BRITAIN, CONNECTICUT, Petitioner,

v.

UNITED STATES ATOMIC ENERGY COMMISSION and United States of America, Respondents.

No. 16530.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 12, 1962.

Decided Sept. 27, 1962.

Mr. Edwin P. McManus, Washington, D. C., with whom Mr. Raymond W. Ber-

gan, Washington, D. C., was on the brief, for petitioner.

Mr. Sidney G. Kingsley, Asst. Gen. Counsel (Solicitor), U. S. Atomic Energy Commission, for respondent Atomic Energy Commission. Mr. Lionel Kestenbaum, Atty., Dept. of Justice, was on the brief for respondent United States. Mr. Courts Oulahan, Deputy Gen. Counsel, and Mrs. Harriet S. Shapiro, Atty., U. S. Atomic Energy Commission, also entered appearances for respondent U. S. Atomic Energy Commission.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The City of New Britain, Connecticut has petitioned this court pursuant to 5 U.S.C.A. § 1034 to review a determination of the respondent United States Atomic Energy Commission which granted an application of Walker Trucking Company for an amendment of its license to engage in the business of receiving, temporarily storing, and ultimately disposing of low-level packaged radioactive wastes.

Petitioner first argues that the Commission has no statutory authority to license the type of activity here in question, since receiving, storing, and disposing do not constitute "use," and low-level packaged radioactive wastes do not constitute "by-product material" within the meaning of § 81 of the Atomic Energy Act of 1954, 42 U.S.C.A. § 2111. We think that petitioner has taken too narrow a view of these terms in light of the broad regulatory purpose of the statute, and we entertain no doubt about the Commission's authority to grant the present license. See Harris County, Texas v. United States and the Atomic Energy Comm'n, 292 F.2d 370 (5th Cir. 1961).

Petitioner further contends that the absence of factual findings to support the Commission's conclusions coupled with the denial to the city of an opportunity to make an adequate presentation constitutes a deprivation of admin-

istrative due process. Our review of the record, however, indicates that adequate opportunity was given the city to make a record, and that the record supports the conclusion of the Commission that the proposed activity "does not involve any credible possibility of contamination of the ground, air, or water * * *."

Finally, petitioner asks us to remand this case to the Commission for additional findings in light of the resumption of Soviet atmospheric nuclear testing. But it makes no affirmative showing that the new conditions were not contemplated in the Commission's decision to grant the license, or that these conditions, in any way, affect the safety of the activity in question. Under these circumstances, we see no useful purpose to be served by remanding for additional findings.

The motion to remand is denied and the order of the Commission is affirmed.